**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
**J. Mark Coulson**
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
P:(410) 962-4953 — F:(410) 962-2985

May 11, 2026

LETTER MEMORANDUM OPINION AND ORDER TO ALL COUNSEL OF RECORD

RE:    *Angela D. v. Frank Bisignano, Social Security Administration*
       Civil No. 1:25-cv-02317-JMC

Dear Counsel:

Angela Dixon ("Plaintiff") petitioned this Court on July 17, 2025, to review the Social Security Administration's ("SSA" or "Defendant") final decision denying her claims for supplemental security income ("SSI") and disability insurance benefits ("DIB"). (ECF No. 1). The Court has considered the record in the case as well as the parties' dispositive filings. (ECF Nos. 12, 17, 18). No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). The Court must uphold an agency decision if the decision is supported by substantial evidence and was reached through application of the proper legal standard. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will remand ALJ's and Appeals Council's determinations for the reasons explained below.

## I.      Procedural Background

Plaintiff filed her applications for DIB and SSI on March 29, 2018, alleging that she became disabled on February 24, 2018 (Tr. 163-176).[1] The SSA initially denied Plaintiff's application on December 26, 2018 and upon reconsideration on March 20, 2019. *Id.* at 52-77; 108-09. On March 21, 2019, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). *Id.* at 116-17. On February 20, 2020, ALJ Donna M. Edwards held a hearing in Baltimore Maryland, for which Plaintiff appeared and testified. *Id.* at 9-24. On April 1, 2020, the ALJ rendered her decision denying Plaintiff's claims. *Id.* Plaintiff filed a request for review on April 29, 2020, and on October 15, 2020, the ALJ's decision became final when the Appeals Council affirmed it. *Id.* at 158-160; 1-6.

Plaintiff filed an action for judicial review on November 30, 2020. *Id.* at 466-473.

---

[1] When the Court cites to "Tr.," it is citing to the official transcript (ECF No. 8) filed in this case. When citing to specific page numbers within the official transcript, the Court is referring to the page numbers provided in the lower right corner of the official transcript pages.

1

Subsequently, on November 17, 2021, the Court remanded Plaintiff's case to the Commissioner for further administrative proceedings. *Id.* at 463-65. On June 10, 2022, the Appeals Council vacated the final decision and remanded the case to an ALJ for a new hearing. *Id.* at 454-460. Plaintiff presented to a telephonic hearing on January 24, 2023 before ALJ Clary Simmonds. *Id.* at 386-408. For that hearing, Plaintiff was represented by attorney Lawrence P. Demuth. *Id.* at 389. On April 26, 2023, the ALJ denied Plaintiff's claims. *Id.* at 386-408. Subsequently, Plaintiff filed a second action for judicial review, and the Court remanded Plaintiff's case for a second time on May 8, 2024. *Id.* at 1760-64. Then, the Appeals Council vacated the final decision and remanded the Plaintiff's case to ALJ Simmonds for a third hearing. Tr. 454-460.

On November 5, 2024, ALJ Simmons held a telephonic hearing during which Plaintiff was represented again by attorney Lawrence P. Demuth. *Id.* at 1703-1730. On April 16, 2025, the ALJ rendered a decision denying Plaintiff's claims for a third time. *Id.* Subsequently, Plaintiff filed the instant action for judicial review under 20 C.F.R. §§ 404.984(c)–(d), 416.1484(c)–(d).

## II.    The ALJ's and Appeals Council's Decisions

In arriving at the decision to deny Plaintiff's claims, the ALJ followed the five-step sequential evaluation of disability set forth in the Secretary's regulations. 20 C.F.R. § 416.920. "To summarize, the ALJ asks at step one whether the claimant has been working; at step two, whether the claimant's medical impairments meet the regulations' severity and duration requirements; at step three, whether the medical impairments meet or equal an impairment listed in the regulations; at step four, whether the claimant can perform her past work given the limitations caused by her medical impairments; and at step five, whether the claimant can perform other work." *Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015). If the first three steps do not yield a conclusive determination, the ALJ must then assess the claimant's RFC, "which is 'the most' the claimant 'can still do despite' physical and mental limitations that affect her ability to work[,]" by considering all of the claimant's medically determinable impairments regardless of severity. *Id.* at 635 (quoting 20 C.F.R. § 416.945(a)(1)). The claimant bears the burden of proof through the first four steps of the sequential evaluation. If the claimant makes the requisite showing, the burden shifts to the SSA at step five to prove "that the claimant can perform other work that exists in significant numbers in the national economy, considering the claimant's residual functional capacity, age, education, and work experience." *Lewis v. Berryhill*, 858 F.3d 858, 862 (4th Cir. 2017) (internal citations omitted).

At step one in this case, the ALJ and Appeals Council found that Plaintiff had not engaged in substantial gainful activity "since February 24, 2018, the alleged onset date." (Tr. 1709). At step two, the determined that Plaintiff suffered from the following severe impairments: "right ulnar neuropathy, left carpal tunnel syndrome (CTS), osteoarthritis (OA) of the bilateral knees, obesity, neuropathy of the bilateral feet and legs, plantar fascial fibromatosis, degenerative disc disease (DDD) of the lumbar spine, cervical spine disorder, and diabetes mellitus type 2." *Id.*

At step three, the ALJ and Appeals Council determined that Plaintiff's impairments or combination of impairments do not meet or equal one of the listed impairments in the regulations. *Id.* at 1712; 20 CFR §§ 404(p), Appendix I (20 CFR §§ 404.1520(d), 404.1525, 404.1525, 404.1526, 416.925, 416.926). Finding that Plaintiff had not proved that one or more of the above-

mentioned severe impairments met or equaled one of the listed impairments in the SSA regulations, the ALJ determined Plaintiff's RFC as follows:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except for the following limitations. The claimant can frequently climb ramps or stairs and balance. The claimant can occasionally stoop, kneel, crouch, and crawl. The claimant can never climb ladders, ropes, or scaffolds. The claimant can frequently handle, finger, and feel bilaterally. The claimant can frequently push and pull. The claimant must avoid concentrated exposure to extreme cold, wetness, humidity, vibration, and hazards.

*Id.* at 1714. In reaching that decision, the ALJ reasoned in part,

> The claimant, a 53-year-old woman who was 46 at her alleged onset date with a 9th grade education, alleges significant limitations arising from her physical impairments. (Hearing Testimony and Exhibits 4E; 20E; 24E). She has history of joint pain and tingling and burning in her lower extremities. She has right arm numbness. She also has arthritis in her knees and spine pain. She had to stop working due to worsening pain in extremities resulting in limited ability to sustain standing. She has alleged that she has generally stayed at home since her alleged onset date, alternating sitting and lying down. When lying down, she has to elevate her legs and feet due to swelling. As of the most recent hearing, she has required the use of a cane whenever leaving her home. She has difficulty bending. She has undergone physical therapy, but it has been of limited efficacy. She also underwent carpal tunnel syndrome surgery, but it has been of limited efficacy, as well. She testified to undergoing spinal cord stimulator trial, which has required revision surgery. She has lost weight, but it has not alleviated symptoms, particularly knee pain. She has lived with her daughter, who does many of the household chores and generally helps the claimant.
> …
> The claimant's own testimony and previous written statements about her physical and mental capacity are inconsistent with her claim that she is disabled. The claimant's admitted daily activities and abilities belie a finding of disability. The claimant's April 2022 written function report states that she can manage her personal care, make her bed, wash her clothes, shop in stores and online, watch television, and socialize with friends and family by phone and videochat. (Exhibit 24E). Physically, there are indications in the record that she is capable of more than she alleges. In treating notes from August 2018, she noted a fall from going into a walk-in freezer (Exhibit 3F/12). In January 2020, she reported that she had custody of her grandchild and was "a lot more active," which did result in some increased pain (Exhibit 13F/98). At her independent psychological consultative examination with Dr. Barry in June 2021, she reported being independent with dressing, bathing, grooming herself, cooking and preparing food, general cleaning, doing laundry, shopping, managing money, and driving a car (Exhibit 16F). In September 2022 treatment notes, she noted recently having to reduce driving to "short distances only" due to vertigo, suggesting she was still driving a car then and could still drive

short distances. (Exhibit 23F/7). In a April 2024 pre-operative assessment, she was reported to be independent with activities of daily living. (Exhibit 25F/19). Such discrepancies in the claimant's admitted abilities and her claim of impairment make her allegations less persuasive.

…

While the claimant alleges that she cannot perform any work, the record evidence does not support that conclusion. The existing medical evidence suggests that the claimant has musculoskeletal pain in her cervical and lumbar spine, knees, and upper extremities due to right ulnar neuropathy and left CTS, but that she can still function at a light exertional level, requiring lifting and carrying of 20 pounds occasionally and 10 frequently, and walking, sitting, or standing for no more than 6 hours out of an 8-hour day.  The record includes imaging showing abnormalities of the spine and knees. Sensory abnormalities have been found on testing as well. She has required pain management, including implantation of a stimulator, which has had complications. Obesity has also been considered in accordance with SSR 19-2p. I find exertional limitations given her combined effects of pain and sensory disturbances from diabetes, neuropathy, spine disorders, joint pain, and obesity. These also affect postural activities. Her cervical spine disorder and neuropathy also limit her manipulation, and her pain from her impairments and obesity also affects her environmental tolerances.

*Id.* at 1714-15, 1719.  The ALJ found that the Plaintiff had no past relevant work.  *Id.* at 1720. Finally, given Plaintiff's RFC, age, education, and work experience, the ALJ determined that Plaintiff was able to work as (1) a cashier with 458,000 jobs nationally; (2) a marker, with 167,000 jobs nationally, or (3) a mail clerk, non postal with 12,000 jobs nationally.  *Id.* at 1721.  Thus, the ALJ determined that the Plaintiff had not been under disability from the alleged onset date through the date of the ALJ's decision.  *Id.*

### III.    Legal Standard

The Court reviews an ALJ's decision to ensure that the ALJ's findings are supported by substantial evidence and were reached through an application of correct legal standards.  *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012).  "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, . . . [which] consists of more than a mere scintilla of evidence but may be less than a preponderance."  *Id.* (other citation and internal quotations omitted).  In accordance with this standard, the Court does not "undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ."  *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005).  Instead, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ."  *Id.*

### IV.    Analysis

Plaintiff argues on appeal that the ALJ's decision warrants remand for several reasons: (1) the ALJ failed to properly assess Plaintiff's ability to perform and sustain exertional functions and (2) the ALJ relied on incomplete objective evidence including that of Plaintiff's daily activities.

(ECF No. 12 at 8).  For the reasons that follow, the ALJ improperly determined Plaintiff's RFC under Plaintiff's first argument.  As such, I will remand the case, and it will be unnecessary to address the second.

"An RFC is an assessment that represents the most a claimant can still do despite any physical and mental limitations on a 'regular and continuing basis.'"  *Rodney M. v. Kijakazi*, No. CV 23-0947-CDA, 2024 WL 1097192, at *3 (D. Md. Mar. 13, 2024) (quoting 20 C.F.R. § 416.945(b)–(c)).  The ALJ "must consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work" in determining a claimant's RFC.  *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)).  "An ALJ's RFC assessment must include an evaluation of the claimant's ability to perform the physical functions listed in 20 C.F.R. § 404.1545(b), including sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions . . . [that] may reduce [a claimant's] ability to do past work and other work."  *Rodney M.*, 2024 WL 1097192, at *3 (internal citation omitted).  As previously explained by the Fourth Circuit, "every conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by 'a narrative discussion describing [ ] the evidence' that supports it."  *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021) (quoting *Thomas*, 916 F.3d at 311).  Thus, "A proper RFC analysis proceeds in the following order: (1) evidence, logical explanation, and conclusion."  *Id.* at 388 (cleaned up).  The Fourth Circuit has rejected "a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis," though, and has explained that "[r]emand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review."  *Mascio*, 780 F.3d at 636; *see also Monroe*, 826 F.3d at 188.  A "necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling, including a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence."  *Monroe*, 826 F.3d at 189 (citing *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013)); *see also Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) ("In other words, the ALJ must *both* identify evidence that supports her conclusion *and* build an accurate and logical bridge from [that] evidence to her conclusion.") (internal quotation omitted) (emphasis in original).

        1.       <u>The ALJ's RFC Determination is Unsupported by Substantial Evidence</u>

Plaintiff first argues that the RFC was improper because the ALJ failed to properly engage in a function by function assessment concerning Plaintiff's exertional capacity.  (ECF No. 12 at 10-11).  Specifically, Plaintiff avers that the ALJ's RFC is unreviewable because "[t]he only exertional functions the ALJ did explicitly assess are pushing and pulling."  (ECF No. 12 at 14).  Thus, as Plaintiff puts it, "the ALJ apparently concluded that Plaintiff was not restricted at all in her ability to lift, carry, sit, walk, or stand, as she did not indicate that Plaintiff's RFC was limited because of those problems."  *Id.*  Commissioner generally argues that the ALJ built a proper logical bridge.  (ECF No. 17).

Pursuant to Social Security Ruling ("SSR") 96-8p, an RFC assessment must include an evaluation of a claimant's ability to perform the physical functions listed in 20 C.F.R. § 416.945(b), including "sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical

functions" that "may reduce [a claimant's] ability to do...work." 20 C.F.R. § 416.945(b); *see* SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996). Remand "may be appropriate 'where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review.'" *Mary H. v. Kijakazi*, Civil No. TMD 20-1718, 2021 WL 3617212, at *5 (D. Md. Aug. 16, 2021) (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013)).

Relevant case law compels remand. In *Desmond G. v. Bisignano*, the Court reversed and remanded a case for further proceedings when an ALJ limited a plaintiff to sedentary work except that he could occasionally perform a number of exertional functions but "ignored Plaintiff's subjective complaints and, glaringly, the medical record evidence of Plaintiff's treating physician who noted that Plaintiff could 'sit for a total of 15 minutes.'" *Desmond G. v. Bisignano*, Civil No. 25-00918-CDA, 2026 WL 828926, at *3 (D. Md. Mar. 26, 2026). Thus, due to the "unreconciled internal consistencies in the ALJ's evaluation of this evidence, the Court's ability to trace the ALJ's reasoning is impeded, making remand necessary." *Id.* (citing *Rodney G. v. Kijakazi*, No. BAH-22-3007, 2023 WL 6465436, at *4 (D. Md. Oct. 3, 2023)). Similarly, in *Lawrence Jonathan A. v. Kijakazi*, the Court remanded a case when the ALJ merely cited evidence in the record and held that the plaintiff's RFC was "fully supported when considering the claimant's testimony and written statements in conjunction with the clinical facts, medical findings and opinions of the…physicians." *Lawrence Jonathan A. v. Kijakazi*, Civil No. GLS 22-00535, 2023 WL 2034307, at *4 (D. Md. Feb. 16, 2023). Thus, the Court held that "[t]his conclusory assertion falls short of the explanation necessary to support the ALJ's RFC determination." *Id.* There, the ALJ did "not clearly articulate how, given Plaintiff's impairments he is able to walk, sit, push, etc." *Id.*

Here, the ALJ's only discussion concerning Plaintiff's ability to walk, stand, lift, or carry is as follows:

> [w]hile the claimant alleges that she cannot perform any work, the record evidence does not support that conclusion. The existing medical evidence suggests that the claimant has musculoskeletal pain in her cervical and lumbar spine, knees, and upper extremities due to right ulnar neuropathy and left CTS, but that she can still function at a light exertional level, requiring lifting and carrying of 20 pounds occasionally and 10 frequently, and walking, sitting, or standing for no more than 6 hours out of an 8-hour day. The record includes imaging showing abnormalities of the spine and knees. Sensory abnormalities have been found on testing as well. She has required pain management, including implantation of a stimulator, which has had complications. Obesity has also been considered in accordance with SSR 19-2p. I find exertional limitations given her combined effects of pain and sensory disturbances from diabetes, neuropathy, spine disorders, joint pain, and obesity. These also affect postural activities. Her cervical spine disorder and neuropathy also limit her manipulation, and her pain from her impairments and obesity also affects her environmental tolerances.

*Id.* at 1719. Under *Desmond G.* and *Lawrence Jonathan A.*, this is exactly the kind of summary evaluation that strips the Court of meaningful judicial review. Indeed, the ALJ failed to separately contemplate each exertional category, which undoubtedly are relevant, contested functions to the

definition of "light work." *Ashley P. v. Kijakazi*, Civil No.: BPG-22-210, 2022 WL 18032924, at *2 (D. Md. Oct. 20, 2022). Under *Desmond G.* and *Lawrence Jonathan A.*, the ALJ's analysis fails to explain how or why the ALJ concluded that Plaintiff is capable of lifting and carrying twenty pounds or more and ten pounds frequently, or how or why she was capable of walking, sitting, or standing for no more than six out of eight hours in the work day against the backdrop of her own testimony. A summary conclusion to the contrary, as the Court emphasized in its previous decision in this very case, is insufficient to provide meaningful review. *See Angela D. v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-23-2011, 2024 WL 2054904, at *3 (D. Md. May 8, 2024) ("The ALJ's failure to explain how the evidence supports a limitation to sedentary work—as opposed to a limited range of sedentary work or a finding that Plaintiff lacked *any* RFC as of August 2021— frustrates meaningful review."). Accordingly, the operative legal standards compel a conclusion that the ALJ's analysis is unsupported by substantial evidence.

Therefore, I will reverse the case for further proceedings consistent with the standards set forth in this Opinion.

## V.      Conclusion

In sum, the Court agrees with Plaintiff that the ALJ and subsequently the Appeals Council improperly considered Plaintiff's exertional capacity. In other words, the ALJ's and Appeals Council's RFC determination for Plaintiff is not supported by substantial evidence for the reasons explained above. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to an improper function-by-function assessment, and the decision of the SSA is REMANDED for further proceedings in accordance with this Letter Order and Opinion. In so holding, the Court expresses no opinion as to the validity of the ALJ's and Appeals Council's ultimate disability determination. The Clerk of the Court is accordingly asked to CLOSE this case.

Despite the informal nature of this letter, it is an Order and Opinion of the Court, and the Clerk is directed to docket it as such.

Sincerely yours,

_____/s/_____

J. Mark Coulson
United States Magistrate Judge

7